UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

ROBYN N. SHALLEN                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:19-CV-6-JRW-CHL

MARK T. ESPER,
SECRETARY OF THE ARMY,
DEPARTMENT OF THE ARMY                                                                    DEFENDANT

**ORDER**

1. The Court **DENIES** the Army's motion to dismiss/alternative motion for summary judgment (DN 6).

2. The Court **DIRECTS** the Clerk to strike DN 9-1 at #337, which contains a Social Security Number.

3. Robyn Shallen's deadline for filing a redacted copy of that page is **June 12, 2020**.

4. The parties' revised Rule 26(f) Report is due **July 10, 2020**.

**MEMORANDUM OPINION**

Shallen sued the Army for sex discrimination after she was passed over for a promotion. At this point, the only question is whether the Army's reason for not promoting Shallen is pretextual.[1] Because a reasonable jury could find pretext, summary judgment is inappropriate.

---

[1] The Army concedes that Shallen can establish a prima facie case of discrimination. DN 6-1 at #40.

1

I.

The Court presents the facts in Shallen's favor.[2]

Shallen is a civilian who determines if a soldier was injured or died in the line of duty.[3] The line of duty decision affects whether the soldier or the soldier's family is entitled to government benefits.[4] Shallen applied for a promotion.

A panel interviewed 8 candidates, including Shallen. After discussing the interviews, 2 of the 3 panelists changed some candidates' interview scores.[5]

The only people whose scores were lowered were women. The only people whose scores were increased were men. Also, before the scoring changes, 2 women (Janet Newell and Shallen) were in the top 4, but after the changes, no women were in the top 4.[6] Antonio Rollerson went from 5th place to 1st place.[7] The panel selected Rollerson for the position.[8]

II.

The Army says it chose Rollerson because he had the highest score.[9] Shallen "simply didn't have the highest score. That was simply the reason why she wasn't selected."[10]

That explanation depends on the legitimacy of the interview scores, which, as noted above, were changed. At this point, because the Army's explanations for changing the interview scores don't hold water, a reasonable jury could find pretext.

---

[2] *Everly v. Everly*, --- F.3d ----, No. 19-5150, 2020 WL 2111312, at *7 (6th Cir. May 4, 2020) (Bush, J.) ("At the summary judgment stage, the evidence is construed and all reasonable inferences are drawn in favor of the nonmoving party.") (internal quotation marks omitted).
[3] *See* DN 6-2 at #133-34.
[4] *See Id*. at #134.
[5] DN 9-1 at #336; DN 9-3 at #451.
[6] DN 9-3 at #432.
[7] DN 9-1 at #336.
[8] *Id*.
[9] DN 9-3 at #529.
[10] *Id*. at #541.

A.

This case begins and ends with *Dunlap v. Tennessee Valley Authority*, so let's start there.[11] In *Dunlap*, the district court considered how "assigned weight given to the interview was changed by the questioners to favor a more subjective process, interview questions were not objectively evaluated, and scores were altered to produce a racially biased result."[12] Based on those facts, the district court found that the employer's reasons for not hiring Dunlap were pretextual.[13]

On clear error review, the Sixth Circuit affirmed the district court's disparate treatment finding and its award of damages and fees.[14] In doing so, it rejected the employer's argument that even if the panel had removed the disputed questions, Dunlap still wouldn't have been hired.[15]

B.

Here, the interview scoring made no sense. The three panelists told three different stories about why Steve Young and Marlene Rogers altered their interview scores. As the administrative law judge said, "There's no credible explanation for it."[16]

Specifically, (1) Young said he increased Rollerson's phone interview score because there was a "bad connection," it was "difficult to understand sometimes," and they "lost the connection

---

[11] 519 F.3d 626 (6th Cir. 2008).
[12] *Id*. at 631.
[13] *Id*. at 632.
[14] *Id*. The court of appeals did reverse the district court's disparate impact finding. *Id.* at 630. That holding doesn't matter here because Shallen hasn't brought a disparate impact claim. *See* DN 1.
[15] 519 F.3d at 632.
[16] DN 9-3 at #545; *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000) ("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt. Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.") (internal quotation marks and citations omitted).

at one point…"[17]  (2) Joseph Messina, on the other hand, said, "There were no technical difficulties."[18]  Rather, Messina said they changed the scores because "we went back and looked at it, and said, did this make sense; do these answers jive."[19]  (3) Rogers said she changed the scores because she had scored the early interviews too high.[20]  But she later admitted that she raised Andrew Newbrough's score, and he was the first person they interviewed.[21]  These inconsistencies call the Army's explanations into question.[22]  So too does the panel's decision to manipulate scores in a way that knocked two women out of the top tier and put two men into the top tier – and put Rollerson in first place.[23]

In sum, the interview scoring is a genuine fact issue.  It matters because the Army chose Rollerson over Shallen based on the scoring.[24]  A reasonable jury could find the Army's conflicting explanations pretext for discrimination.[25]

C.

The Army says Shallen would have lost out on the job even if her scores hadn't been lowered.[26]  But that argument can't save the Army.  *Dunlap* rejected the employer's argument that even if the "disputed questions" had "been taken out," the plaintiff "would not have won the job

---

[17] DN 9-3 at #451.
[18] *Id*. at #532.
[19] *Id*. at #537.
[20] *Id*. at #499.
[21] *Id*. at #504.
[22] *Cf. Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 269 (6th Cir. 2010) ("This court has held that an employer's shifting rationale can be evidence of pretext.").
[23] *Cf. Dunlap*, 519 F.3d at 631 ("scores were altered to produce a racially biased result").
[24] DN 9-3 at #529 & #541.
[25] "Under the law of our circuit, a plaintiff can show pretext in three interrelated ways: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action." *Tingle v. Arbors at Hilliard,* 692 F.3d 523, 530 (6th Cir. 2012) (quoting *Romans v. Michigan Department of Human Services*, 668 F.3d 826, 839 (6th Cir. 2012)).
[26] DN 6-1 at #42.

based on his final score."[27] Under *Dunlap*, "proof of a strict 'causal connection' is not a separate element of the *McDonnell Douglas* burden-shifting framework."[28]

### D.

The Army also says Shallen fails to state a plausible claim to relief.[29] Not only has Shallen overcome the plausibility hurdle, she has overcome summary judgment, a bigger hurdle. The Army's motion to dismiss lacks merit.

\* \* \*

Hiring is difficult. The law doesn't require the Army to make perfect hiring decisions,[30] and it's not illegal for members on a hiring panel to reassess after initial impressions. But here the Army's explanations are so incredible and inconsistent that a reasonable jury could find them pretext for unlawful discrimination. Summary judgment for the Army is therefore improper.

*Justin R. Walker, District Judge*
*United States District Court*

5/28/2020

---

[27] 519 F.3d at 632.
[28] *Id.* (citing *Hollins v. Atlantic Co.*, 188 F.3d 652, 659 (6th Cir. 1999)).
[29] DN 6-1 at #27; DN 12 at #636.
[30] *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996) ("The law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with. Rather, employers may not hire, fire, or promote for impermissible, discriminatory reasons.").